Madam Justice, Mr. Justices of the United Circuit Court of Appeals, if it please the Court, I represent Ms. Dietz-Clark in this appeal from a dismissal of her case at the district court level. State your name for the record, please. Michael Flanagan. Thank you, Your Honor. This case concerns the application of Alaska's Notice of Prejudice rule, which allows time limits for filing various types of insurance information, notice of claim, filing suit, and other post-loss clauses. Those are all initiations of claims. The first case was Weaver. That was initiation of claim. The second one was Estes, which was filing the lawsuit. So it wasn't just... Initiation of a lawsuit. That's right. And there's also a case from... Is there an Alaska decision that suspends the time for appealing a lawsuit? That issue hasn't come up in the context of an insurance contract, Your Honor. Is there any Alaska decision that suspends the time limit for anything other than the initiation of a proceeding? Yes. There's... This court in the Allstate v. Herron case held that the same Notice of Prejudice rule applied to cooperation clauses in the contracts. So they applied the Alaska Notice of Prejudice rule to a non-timed issue, which was cooperation clause. So... Is there any case, either from Alaska or anywhere else, applying the Notice of Prejudice rule to negate the contractual administrative deadline that's governed by ERISA, as this case is? No, Your Honor. The ERISA is a federal kind of claim, so it doesn't appear in front of the state courts because jurisdiction's in the federal court. So I wouldn't expect to find that. The issue, as we see it, really is, what's the breadth of Alaska's Notice of Prejudice rule? We think it's the broadest... As broad or broader than any other state's rule. Counsel, my problem, I think, is at the next layer. Even assuming that you're correct about that, as I understand ERISA, in order for a state law excuse, if you will, to apply, the statute or rule has to be applicable only to insurance contracts. Correct. And here, as I see it, the Alaska rule already is broader than that. And it's not simply applicable to insurance. So I don't see, even if you're right about what the Alaska courts would hold in this situation, I don't see how you fit the ERISA requirement. Well, as the Court probably knows, the Savings Clause 1144 saves four states a regulation of insurance, which the Court in Unum v. Ward said applies to decisions, regulations, statutes, etc. The only case that was cited to say that the Alaska Notice of Prejudice rule is broader than that, broader than just insurance, was the West Tours case. And as we pointed out in our brief, the West Tours case wasn't decided on the basis of the Notice of Prejudice rule. It was decided on the unfairness with which the cruise line gave notice of their one-year limitation. You can read it that way, but you can also, I think, read it more broadly. But it seems to me that the ERISA statutory exception for state regulation of insurance is about regulation of insurance. It's not about being lenient to plaintiffs in lawsuits. And I guess I just have trouble seeing how it would fit the federal statutory requirements. Well, that was decided in Unum v. Ward, Your Honor, which was a Notice of Prejudice case out of California. That case would have been decided differently if the California rule had applied to other kinds of lawsuits. Right, but we don't have an Alaska case that says the Notice of Prejudice rule applies outside of the insurance contact. How about Long v. Holland America Line? That's the one I just discussed. That wasn't decided on the basis of Notice of Prejudice. It was decided on the basis that it was unfair in the way the cruise company sent the one-year limit to file suit to... Right, but that wasn't in your case. That's right, but they didn't decide it on Notice of Prejudice. Notice of Prejudice simply says you have to prove prejudice to apply the rule. In the Long case, what the court said is that they were unfair in the way they gave notice of the limitation. Counsel, I just don't read it that way. The heading is the contractual limitations period is not enforceable in Alaska. It talks about the insurance cases and then says the rationale that we adopted in the insurance cases applies with equal force in the present contractual setting. So I guess I have difficulty seeing how we could conclude that the Alaska courts wouldn't apply this much more broadly than just insurance. Well, like I said, that case they didn't just say only thing the plaintiff has to prove is that the cruise line was not prejudiced. That wasn't the holding in that case. They said the holding was that because they gave them no time to send the ticket back, because the time limit was on the ticket, and when the ticket was received, they didn't have time to say, oh, I don't want to do this, because they'd already spent the money and there was no refund. That's the holding in the case. In that decision, the court says, in our view, public policy bars enforcement of the clause at issue here, because Holland America has failed to allege or show that enforcement of the clause is necessary to avoid prejudice. But you don't think the court meant anything by that sentence? I think that they didn't mean, it wasn't the intent of that decision to say that the notice prejudice rule solved the case, because There might have been another ground, but the court's not saying things just to say things. I mean, we have the same issue in what's dicta in Ninth Circuit decisions. If the court resolves a legal issue, even if it's not essential to the resolution because there's an alternative ground, that doesn't mean we disregard the first ground. How can we disregard what the Alaska Supreme Court has said? I think that when you're taking a look at a case and you're trying to figure out what is the holding, what's the precedent here? If I need to establish that proposition, wouldn't you expect me to cite that case and quote that proposition and say, look, this is what the Alaska Supreme Court says? Well, I would imagine as a good lawyer, you probably would say that. But the point of the matter is the case does not, it would have been a much simpler case if the court simply said that time limit won't apply unless West Tours shows prejudice by the delay. That's not what they said. They said they weren't going to allow it to be applied at all, because the way that the ticket, the way that the limitation was delivered to the customer, they didn't give them any time to reject it. That's the holding. Here is a somewhat different issue. Most of the cases that I've seen in this field deal with contractual provisions that purport to shorten the time available. That is, you've got a statute of limitations, maybe two years, and this says you've got six months. In this case, there doesn't seem to be any shortening. ERISA says 180 days, and this says 180 days. Why should we apply a notice prejudice rule when, in fact, the statutory standard is the same thing the contract says? Well, that's a regulation rather than a statute, Your Honor. But the regulation says at least 180 days. It doesn't say you have to file 180 days. I mean, they've taken what the regulation says, and they've applied it, and it's not like anybody should be surprised by some shorter period. I'm not saying that anybody was surprised, Your Honor. What I'm saying is that the Alaska Notice Prejudice Rule doesn't apply these provisions unless, in what it calls arbitrary provisions that were not bargained for, unless there's a purpose for applying it, which, in the insurance context, means that there was prejudice, that the insurance company is being prejudiced by the delay. And they didn't even claim they were prejudiced in their denial letter of our appeal. Now, so you're just about out of time. If you'd like to save a minute or so for rebuttal. Sure, Your Honor. Thank you very much. Appreciate it. Good morning. May it please the Court. Brewster Jamieson on behalf of HDR and United of Omaha. With me is Michael Bayless, who was instrumental on the briefing in this matter. We don't see this as a notice prejudice case in the first instance. The rationale for the Notice Prejudice Rule does not exist here. Alaska's Notice Prejudice Rule, as applied, does not escape preemption under the Ward case. Arista regulations and the plan, specifically governing it, cannot be easily disregarded. There is no state law to apply, because there is no regulation that you could apply to escape. Counsel, will you address the, as you know, the Court has been inquiring of your opponent about the Long v. Holland America case. He takes the position that that is, in fact, an insurance case, I guess, and or that the Notice Prejudice Rule didn't have anything to do with that case. Could you address his contentions? Is he wrong, and if so, in what way? Well, I think he's wrong. And I think the relevant portion of the case, I think Judge Clifton read, and I think it does speak for itself. But that brings to bear the Alaska's Notice Prejudice Rule is a much broader rule. It is based on broad principles of fairness, of unequal bargaining power that don't exist in this case. And it is a rule that is more like a pliable principle that the Ward court held would not escape Arista preemption. Long does establish, I mean, this Alaska Supreme Court does recite that, referencing the Court's prior cases, address clauses setting time limits in the commencement of suit in the context of insurance policies. Then it goes on to say, well, this kind of contract is really not unlike that. And so it does apply it more broadly. But it's clear that the core of at least the origin of the doctrine appeared to be something that arises in the context of insurance policies. Why doesn't that fit the unum exception? Well, because it's more of a broader principle. And it is what the Ward court indicated was a pliable principle. It can't be that the court in another jurisdiction where the Notice Prejudice Rule applies, courts apply equitable principles. And so if a court decides in a given context that there should be equitable tolling of the statute of limitations, and that context happens to cover something other than insurance, are you saying that unum forbids the application of the Notice Prejudice Rule in the insurance doctrine, out of the insurance doctrine in an Arista case, excuse me, Arista case? Well, I do think that because of the broad basis for the court's holding and longhand reference to the Notice Prejudice Rule, that it is more of a pliable principle rather than a specific insurance regulation. And as I believe you noted early in counsel's argument, that this provision relates to the timeliness of the suit rather than an internal appeal time limit that we're dealing with here. The way I would liken it is all the Notice Prejudice cases we've seen in the past deal with getting into the arena in the first instance. Here, we're already in the arena. The claim was already in the arena and on the field of play. And our view is once you're on the field of play, you have to play by the rules of the game. Here, those are dictated by Arista and the plan itself. And I think that brings up another point that disregarding the plan, the plan term, and disregarding the regulation runs headlong into Himeshoff versus Hartford. In that case, the court placed great emphasis on the terms of the plan. It said the plan is the center of Arista. Employers have a large leeway to create design disability and other welfare plans as they see fit. It described the plan as the linchpin of a system that's not so complex that employers won't want to create or offer these plans to their employees in the future. And the Himeshoff case in particular dealt with a time limitation on the commencement of a suit and in particular, the timing of the commencement of the suit. What it dealt with was the date by which the time would start ticking. As a matter of federal common law, the Supreme Court thought that it would be accrual, but they said because the plan said it was an earlier date, the United States Supreme Court said unanimously that the plan terms would apply. In addition, and I don't want to bury the lead here, but this court has held as well as the Edwards Court and the Seventh Circuit have held that the notice of prejudice rule should not be extended to the extent that the appellant is arguing here. To do so would create an endless array of appeals. We wouldn't have an internal appeal deadline. As a matter of practice, there wouldn't be one. It would always be an endless array of arguments over whether there was prejudice shown or not. When you say this court, you're referring to the Chang memorandum? The Chang as well as Edwards v. Briggs and Stratton and the Seventh Circuit also declined to extend it that far and it goes well beyond the purpose of the notice of prejudice rule. There's nothing unfair here about applying a 180 day statutorily based, regulatory based internal appeal deadline. It's what the Department of Labor dictated would constitute a fair and reasonable claims period. There's no surprise. There's no trap for the unwary. It is essentially very clear. There's no difficulty in determining when it commences and when it ends. Here, the appellant was some 500 days late beyond the 180 day appeal period. Has your client asserted any prejudice from that? No, my client has not. It did not reach that level because we contend, as you know, that the notice of prejudice rule does not apply. If we would reach that issue, would your client be in a position to assert prejudice? Possibly so. The record didn't develop. You wouldn't want us to go through that issue? That would be an issue yet to be developed? That would be an issue yet to be developed. Certainly, prejudice can be assumed for such a long delay. This was not a matter of 11 days or 7 days. This is a matter of 508 days, more than or nearly a year and a half. Would your client have the discretion to entertain the appeal if it chose to? I don't think so because it would be disregarding the clear terms of the plan and that would impact the plan in a negative way and impact other beneficiaries in a negative way. How would it impact others? Well, number one, by opening up the door to a number of late claims, by making the process much less certain, much less predictable, much more expensive, and make it less likely that employers would be willing to offer such plans in the future. I think I don't have a time clip, but is my time... It's not showing? It's not showing? No, that thing is lit up. Okay, thank you. No, nobody's getting it for juice. Thank you. So, again... You're not compelled to use them. That's fine, and I know better than to keep going when I think, Your Honor, your questions have been answered. If there are any other questions, I'd be happy to address them. If not, I will... I don't believe we have any additional questions, so thank you. Thank you very much. Mr. Flanagan, you have about a minute, I think, for a rebuttal. A minute and 12 seconds. All right, thank you. The Chang and Edwards case, and we pointed out this in our brief, there was total dicta that those cases were not decided on the basis of applying a notice prejudice rule. I beg to differ, but Chang isn't binding. Same problem with Chang. The fact that there are alternative grounds doesn't give you leave to disregard one of them. Well, when they... You can't read Chang and not reach the conclusion that it's been cited for. Now, it's not binding on us. It's a memorandum disposition, but it's simply not true that the Court didn't pass on an issue of law on that decision. Well, one of those cases said that the notice prejudice rule only applied to liability policies, and that wasn't a liability policy. Well, Chang said the Supreme Court did not hold, however, that the notice prejudice rule applies to a claimant's right to request subsequent appellate review of the insurer's decision, and went on to say, the Court is not inclined to make such a significant and unprecedented extension of this rule. Now, you can read it any way you want to, but it says what it says, and the fact that there was an alternative ground that might have justified the result doesn't negate what the Court actually said. Well, if you review the facts and there's no way that the notice prejudice rule would have applied anyway, then the Court is simply saying dicta, and that's what I think in both of those cases. If you read the reasons, so it's not just alternative grounds. The notice prejudice rule would have applied anyway, given the facts that it wouldn't have applied under those cases. Thank you, Counsel. Just one quick one. Yeah, you may. Do you agree that if we conclude that Long or any other provisions of the Alaska notice prejudice rule include areas well beyond insurance, do you agree that ERISA preempts the notice prejudice rule in this case? No, I don't agree with that, because we don't have any, in my view, we don't have any basis for saying that the notice prejudice rule, because they say this is like that situation, that they're actually applying it outside. Counsel, that wasn't the question. The question is counter to your argument. That is, assume that Alaska applies the rule beyond insurance contracts. Assume that, for the sake of the question, what's the result? That's a tough decision, because It's really not very tough, if that's correct, isn't it? Well, if you have insurance regulation that somebody might say that the same policy might apply to some area outside of insurance, does that mean it's not insurance regulation? I think not. Thank you, Counsel. Thank you. The case just argued is submitted, and we appreciate very much the arguments of both Counsel.
judges: Graber, Clifton, M. Smith